518 S.E.2d 384

**Hal F. MEKOS, Petitioner below, Appellee,**

v.

**Joe E. MILLER, Commissioner, West Virginia Division of Motor Vehicles, Respondent below, Appellant.**

No. 25817.

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1999.

Decided July 9, 1999.

John J. Pizzuti, Esq., Camilletti, Sacco & Pizzuti, L.C., Wheeling, West Virginia, Attorney for Appellee.

Darrell V. McGraw, Jr., Esq., Attorney General, Jacquelyn I. Custer, Esq., Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellant.

STARCHER, Chief Justice:

This is an appeal from an order entered on June 8, 1998, by the Circuit Court of Ohio County ("the June 8 Order"). The June 8 Order reversed, rescinded, and vacated a final order issued in an administrative proceeding of a driver's license revocation by the appellant, Joe E. Miller, Commissioner of the West Virginia Division of Motor Vehicles ("Commissioner Miller"), on April 10, 1998 ("Final Order"). The Final Order revoked the privilege of the appellee, Hal F. Mekos ("appellee"), to drive in West Virginia for a period of 6 months, based upon Commissioner Miller's finding that appellee drove a motor vehicle in this State while he was under the influence of alcohol ("DUI").

## I.

### Facts & Background

The underlying administrative action was initiated by Sgt. Dale Bloomfield ("Sgt. Bloomfield") of the Ohio County Sheriff's Department, when he submitted an affidavit to the West Virginia Division of Motor Vehicles ("the Division"), reporting that he had arrested the appellee on September 17, 1997, for causing bodily injury while driving under the influence of alcohol. Based upon Sgt. Bloomfield's affidavit, the Division issued an initial revocation order, dated September 25, 1997, advising the appellee that his privilege to drive was being revoked for a period of 2 years, with a possibility of reinstatement after 1 year.

On January 21, 1998, pursuant to his request, the appellee was afforded an administrative hearing wherein he could challenge the revocation. The notice setting the hearing advised appellee that:

> [t]he scope of the hearing shall be whether you drove a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs, or did drive a motor vehicle while having an alcohol concentration in your blood of ten hundredths of one percent (.10) or more, by weight, and whether while driving a motor vehicle you proximately caused bodily injury or death of another person.

After the hearing, Commissioner Miller issued the Final Order in which he found that "[t]he charge of driving under the influence of alcohol *and proximately causing bodily injury of another person* was not proven." (Emphasis added.)

However, this did not resolve the matter because, as Commissioner Miller noted in the Final Order, the provisions of *W.Va.Code*, 17C–5A–2(q) [1996] authorize "the Commissioner of Motor Vehicles to either rescind an earlier Order of Revocation or reduce the Order to an appropriate period of revocation under this section." Commissioner Miller concluded that while the evidence adduced at the administrative hearing was insufficient to prove that appellee's actions caused bodily injury to another, it was sufficient to establish that appellee "drove a motor vehicle in this State while under the influence of alcohol on September 17, 1997." Where the Commissioner finds by a preponderance of the evidence that a person drove "while under the influence of alcohol," the Commissioner is required by statute to "revoke the person's license for a period of six months" if it is the first such revocation. *W.Va.Code*, 17C–5A–2(i) [1996]. Therefore, Commissioner Miller revoked appellee's privilege to drive in West Virginia for a period of 6 months, and thereafter, pending completion of the prescribed safety and treatment program and payment of pertinent fees.

On or about April 10, 1998, the appellee instituted an appeal in the Circuit Court of Ohio County seeking appellate review of the Final Order. In the June 8 Order, the Circuit Court of Ohio County "reversed, rescinded and vacated" Commissioner Miller's Final Order and directed that appellee's privilege to drive be reinstated forthwith. The circuit court's order (with emphasis added) stated in pertinent part:

7. At said hearing, the State and/or the arresting officer had the opportunity to make a motion to amend the pleadings to conform to the evidence, but failed to do so. Petitioner was and is entitled to a directed verdict as the pleadings set forth in the official notice of revocation only sets forth *one charge*, that being driving under the influence of alcohol and proximately causing bodily injury of another person.

8. The State and/or arresting officer did not sustain its burden of proof to establish that the Petitioner on September 7, 1997 drove a motor vehicle in this state while under the influence of alcohol and proximately caused bodily injury of another person.

9. The final order of revocation entered by the Commissioner on April 10, 1998 in File No. 267273A shall be reversed, vacated and rescinded.

Commissioner Miller sought the instant appeal to challenge the June 8 Order.

## II.

### Standard of Review

■ On appeal of an order entered by a circuit court in an administrative appeal, questions of law are reviewed *de novo*. Syllabus Point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167, 169 (W.Va.1997).

## III.

### Discussion

■ *W.Va.Code*, 17C–5A–2(q) [1996] provides, in pertinent part, as follows:

If the commissioner finds to the contrary with respect to the above issues, the commissioner shall rescind his or her earlier order of revocation or shall reduce the order of revocation to the appropriate period of revocation under this section, or section seven, article five of this chapter.

The statutory reference to "the above issues" refers to preceding subsections of *W.Va.Code*, 17C–5A–2 [1996] that set forth the findings the commissioner must make to support a revocation for various DUI-related offenses. For example, *W.Va.Code*, 17C–5A–2(d) [1996] provides, in pertinent part, that: [t]he principal question at the [administrative] hearing shall be whether the person did drive a motor vehicle while under the influence of alcohol, controlled substances or drugs, or did drive a motor vehicle while having an alcohol concentration in the person's blood of ten hundredths of one percent or more, by weight[.]

With respect to a DUI with injury, in addition to a finding that (1) the driver was under the influence of alcohol, controlled substances or drugs, or (2) that the driver had a blood alcohol level of .10 or more, there must also be a finding that the driver:

> ... did an act forbidden by law or failed to perform a duty imposed by law, which act or failure proximately caused bodily injury to a person other than himself or herself[.]

*W.Va.Code*, 17C–5A–2(h) [1996]. If the commissioner were to find all of the foregoing, the driver would be subject to a 2–year revocation of driving privileges.

Because the record developed at the administrative hearing did not support the requisite finding of injury under the foregoing subsection, Commissioner Miller's action in reducing the period of revocation was controlled by the above-quoted provisions of *W.Va.Code*, 17C–5A–2(q) [1996]. Because he had no basis for finding that appellee was the proximate cause of bodily injury, Commissioner Miller was required to "reduce the order of revocation to the appropriate period of revocation[.]" *Id.*

Appellee was arrested on September 17, 1997, and thereafter received his initial revocation order dated September 25, 1997. By correspondence dated October 9, 1997, the appellee was advised with respect to the administrative hearing he had requested:

> The scope of the hearing shall be whether you drove a motor vehicle in this State while under the influence of alcohol, controlled substances or drugs, or did drive a motor vehicle while having an alcohol concentration in your blood of ten hundredths of one percent (.10) or more, by weight, and whether while driving a motor vehicle you proximately caused bodily injury or death of another person.

The appellee was clearly on notice that the question of whether he was driving under the influence of alcohol was one of the issues that would be addressed during the administrative hearing.

We do not agree with the circuit court's conclusion that the "statement of issues" furnished to the appellee constituted a single

"charge" of "DUI with injury," that had to be entirely proven, or result in a complete exoneration of the appellee. The mere use of the word "and," to connect the two issues of driving under the influence and injury in the statement of issues that was given to the appellee did not create a single and unitary "charge," that must stand on two legs or not at all.

Rather, the language in *W.Va.Code*, 17C–5A–2(q) that specifically authorizes the reduction of an order to an appropriate period of revocation conclusively shows that the commissioner could and did find for the appellee on the injury issue, and at the same time found against the appellee on the DUI issue, and consequently imposed an appropriate revocation period by reducing the period specified in the original revocation order.

■ Consequently, we hold that the Commissioner of the West Virginia Division of Motor Vehicles may, pursuant to the provisions of *W.Va.Code*, 17C–5A–2 [1996], reduce an order of license revocation to the appropriate period of revocation that is in accordance with findings properly made by the commissioner.[1]

### IV.

### *Conclusion*

The order of the circuit court is reversed. Reversed.

---

1. The circuit court also ruled that the *West Virginia Rules of Civil Procedure* applied to the appellee's hearing. In light of our decision, we do not address that issue.